**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOHN JACKSON,

       Petitioner,

       v.

J. GRONDOLSKY, Warden, et al.,

       Respondents.

Civil Action No. 09-853 (NLH)

**O P I N I O N**

**APPEARANCES**:

    JOHN JACKSON, Petitioner pro se
    #33190-037
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

Petitioner, John Jackson, currently confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, complaining about the lack of medical care he is receiving at FCI Fort Dix.  The named respondents include petitioner's present custodian at FCI Fort Dix, Warden Grondolsky, as well as Spalding, the Health Care Administrator for the FCI Fort Dix Medical Staff.

For the reasons set forth below, this Court will dismiss the federal habeas petition, and direct that a new docket be opened as a civil complaint.


## DISCUSSION

Petitioner states that he has been denied medical care while housed at FCI Fort Dix, and that as a result, he has gone blind in one eye.

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions.  411 U.S. at 499-500.  The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction

under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement.  See Royce, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative."  Id.  A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered."  Id.

Here, Petitioner is challenging the lack of medical care and treatment he is receiving at FCI Fort Dix.  He does not challenge the fact or duration of his custody, or his projected release date.  Therefore, the present action can be brought only as a civil action, not a habeas corpus action under § 2241.  Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider Petitioner's habeas application.

Pursuant to the rule announced in Royce, however, the Court will direct the Clerk of the Court to docket the matter as a separate civil action.  If Petitioner seeks to proceed with a separate civil complaint, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis*.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  The present docket will

3

be closed, and a new docket will be opened for further proceedings with respect to the civil claims concerning the conditions of Petitioner's confinement.  An appropriate Order accompanies this Opinion.

                                            s/Noel L. Hillman
                                            NOEL L. HILLMAN
                                            United States District Judge

Dated: March 10, 2009

At Camden, New Jersey